Thomas L. Grace v. Commissioner.
Grace v. Commissioner
Docket No. 10959.
United States Tax Court
1947 Tax Ct. Memo LEXIS 159; 6 T.C.M. (CCH) 770; T.C.M. (RIA) 47173; June 27, 1947
Marshall Snyder, Esq., for the petitioner. Sheldon V. Ekman, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in petitioner's income tax for 1943 of $244.52 by including in his taxable income a payment of $750, which petitioner omitted on the ground that it was a gift from his employer. All of the facts are hereby found as stipulated by the parties. Petitioner's income tax return was filed with the collector for the first district of New York. Upon the completion of forty years of service, petitioner, an officer of a savings bank with a salary of $8,500 per year, was, in accordance with a long-standing custom of his employer, given recognition by action of its board of trustees. The following resolution was adopted: "The *160 Trustees having been informed by the President that Mr. Thomas L. Grace, Secretary, will complete on May 3, 1943 forty years of service in this institution, and the President having commended Mr. Grace's loyalty, industry and integrity, and the Trustees desiring to express recognition of Mr. Grace's long and honorable service in this bank; and upon motion duly made, seconded and unanimously carried, it is "RESOLVED: That the Trustees do hereby congratulate Mr. Thomas L. Grace upon his forty years of service in this institution., they express their appreciation for his loyalty and integrity and for his faithful work, his industry and his devotion to duty; and they express their best wishes for his happiness and health and for many more years of usefulness; and it is further "RESOLVED: That in recognition of Mr. Grace's long record of loyal service, he be and he hereby is allowed an extra month's vacation and a gift in the amount of $750, which sum the President, or other duly authorized officer, is hereby authorized, directed and empowered to pay Mr. Grace out of the general funds of this institution." In other cases employees had been awarded items of personal property, but the *161 existence of war conditions rendered the payment of cash to petitioner more suitable. The sum paid to petitioner "was not reported by his employer to the Collector of Internal Revenue as a payment or compensation for services rendered; but such payment was charged as an expense." On the authority of such cases as Nickelsburg v. Commissioner, (C.C.A., 2nd Cir.) 154 Fed. (2d) 70, and Willkie v. Commissioner, (C.C.A., 6th Cir.) 127 Fed. (2d) 953, certiorari denied 317 U.S. 659, this proceeding must be decided in favor of respondent. As petitioner himself says in dealing with the Willkie case in his brief, "Moreover, the employer claimed the payment as a deduction in arriving at its taxable net income for the year in question, thus regarding the payment as made under an intent to pay compensation for services rather than to make a gift." This conforms with language of the Court itself in that case according "primary importance" to "the intention of the parties, * * * and particularly that of the payor." The deduction was here denominated an "expense" but that would not preclude its classification as "reasonable" compensation for services under *162 Section 23, Internal Revenue Code, and indeed it would be deductible at all under the circumstances only if [it were] an ordinary and necessary payment for petitioner's services rendered or to be rendered. Regulations 111, section 29.23(a)-8; see, "The Deduction of 'A Reasonable Allowance For Salaries'" - 56 Harvard Law Review 997, 998. That the payment was "voluntary," Nickelsburg v. Commissioner, supra; that it was in recognition of past services, Willkie v. Commissioner, supra, that it was denominated a gift, see Bogardus v. Commissioner, 302 U.S. 34; or that it was smaller or larger than other payments dealt with in the decided cases certainly requires no different result. Decision will be entered for the respondent.